UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| EILEEN TAYLOR,<br>on behalf of herself and all<br>others similarly situated,<br><br>     Plaintiff<br><br>v.<br><br>NAPHCARE, INC.,<br><br>     Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT AND JURY DEMAND**

### **Introduction**

1.     This action is brought by an hourly worker of the Defendant, on behalf of herself and all similarly-situated workers, alleging unlawful failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and failure to pay wages in violation of M.G.L. c. 149, § 148. Plaintiff seeks, among other forms of relief, statutory trebling of damages, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

### **Parties**

2.     Plaintiff Eileen Taylor is an adult resident of Merrimack, Massachusetts. She was employed by Defendant as a physician assistant at the Essex County Jail & House of Correction in Middleton, Massachusetts from in or around September 2016 until in or around June 2018.

3.     Defendant Naphcare, Inc. is a foreign corporation that does business in Massachusetts, including in Essex County, Massachusetts.

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.      Defendant has a place of business in the District of Massachusetts and otherwise conducts business in this District and is therefore subject to personal jurisdiction in this District.

7.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendant is subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

**Factual Allegations**

8.      Plaintiff worked as a physician assistant for the Defendant. Her assigned work site was the Essex County Jail & House of Correction ("Jail") in Middleton, Massachusetts, where she began working in or around September 2016. Her contract was terminated effective June 2018.

9.      Plaintiff and other staff of the Defendant were paid on an hourly basis.

10.     The Defendant's staff were assigned to three shifts: the day shift (7:00 a.m. – 3:00 p.m.), the evening shift (3:00 p.m. – 11:00 p.m.), and the night shift (11:00 p.m. – 7:00 a.m.).

11.     When the Defendant's staff arrived at the Jail, they passed through an initial security check point, and then clocked in at a time clock ("First Time Clock").

12.     Upon entering the Jail, the Defendant's staff were required to comply with all rules, regulations, procedures, and directives of the Jail.

13.     After clocking in at the First Time Clock, the Defendant's staff then had to pass through additional security checkpoints, called "sally ports." Sally ports are control points where Jail staff can monitor and control the flow of people. The sally ports are busy during shift changes, because many people are finishing or beginning their shifts at the same time. In addition, on occasions when there was a safety or security incident – such as a fight – staff might be held at the sally ports until the matter is resolved. As a result, it can take the Defendant's staff around 15-30 minutes, and sometimes longer, to pass through all required sally ports.

14.     When the Defendant's staff arrived at the Jail's infirmary, they clocked in at a separate time clock ("Second Time Clock"), which is when they began to get paid.

15.     Because the Defendant's staff were required to punch in at the Second Time Clock by the beginning of their assigned shift time, they had to arrive at the Jail early in order to allow sufficient time first to go through the initial security point, then to clock in at the First Time Clock, and then pass through the various sally ports.

16.     Under Massachusetts law, "working time" includes, among other things, "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location." 454 CMR 27.02.

17.     The Defendant's staff were required to be at the Jail, which is their prescribed work site. They were not paid for all time spent at that site, however, including (a) the time at the beginning of their shift between clocking in at the First Time Clock and clocking in at the Second Time Clock, and (b) the time at the end of their shift

3

between clocking out at the Second Time Clock and clocking out at the First Time Clock. On information and belief, the amount of unpaid working time for each of the Defendant's staff commonly totaled around 20-60 minutes per person per day, and sometimes more.

18.     The Defendant's hourly staff were entitled to overtime, both under federal law and under the Defendant's practices and policies.

19.     Because the Defendant's staff commonly worked around 40 or more hours per week, the failure to pay them for all of their working time also resulted in a failure to pay them overtime.

20.     Plaintiff has consented to bring and participate in this action pursuant to 29 U.S.C. § 216(b). A copy of her written consent is attached as Exhibit 1.

21.     Plaintiff also has filed a complaint with the Massachusetts Attorney General's Office and has received permission to bring this case.

**Allegations as to Class**

22.     Plaintiff seeks to certify a collective or class of all hourly staff of the Defendant who worked at the Jail during the relevant limitations period.

23.     On information and belief, the class is so numerous that joinder of all members is impracticable.

24.     Given that the pay practices described above were followed by the Defendant on a regular basis for all hourly staff at the Jail, there are questions of fact and law common to all members of each class.

25.     Plaintiff's claims are typical of the claims of individuals in the class.

26.     Plaintiff and her counsel will fairly and adequately represent the interests

of the class. Plaintiff has no known conflicts of interest with other class members. The

attorneys representing Plaintiff have litigated and successfully resolved numerous class

action cases involving employment claims.

27.     The questions of law or fact common to the members of the class

predominate over any questions affecting only individual members. Although the amount

of each class member's damages may vary depending on their periods of employment,

those damages should be readily ascertainable from available records. As a result,

common issues of liability predominate over individualized issues of damages.

28.     A class action is superior to other available methods for the fair and

efficient adjudication of these claims. Among other things, individual adjudications

would result in a highly inefficient duplication of discovery, briefing of legal issues, and

court proceedings.

## COUNT I
### FAILURE TO PAY OVERTIME – FLSA
#### (Collective Action)

As set forth above, Defendant's knowing and willful failure to pay overtime

wages violates the overtime provisions of 29 U.S.C. § 207(a).  This claim is asserted

pursuant to 29 U.S.C. § 216.

## COUNT II
### FAILURE TO PAY WAGES – MASSACHUSETTS LAW
#### (Class Action)

As set forth above, Defendant violated M.G.L. c. 149, § 148, by failing to pay on

a timely basis all wages due to Plaintiff and other hourly workers, including all regular

wages and all overtime wages owed under Massachusetts or federal law. This is claim is

brought pursuant to M.G.L. c. 149, § 150.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1.    Certification of this case as a class action pursuant to M.G.L. c. 149, § 150 and/or Fed. R. Civ. P. 23;

2.    With respect to the FLSA overtime claim, certification of this case as a collective action and an order conditionally certifying classes of similarly-situated individuals, permitting the issuance of notice informing affected employees of their right to opt in to this action;

3.    With respect to the FLSA overtime claim, a finding that Defendant's violations were willful and knowing, and therefore subject to a three-year statute of limitations;

4.    An award of damages for all wages and other losses to which Plaintiff and all class members are entitled, including mandatory treble damages under Massachusetts law and liquidated damages under the FLSA;

5.    Attorneys' fees, costs, and interest; and

6.    Any other relief to which Plaintiff and all class members may be entitled.

**<u>PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.</u>**

EILEEN TAYLOR, on behalf of herself and
all others similarly situated,

By her attorneys,

/s/ *Stephen S. Churchill*
Stephen S. Churchill (BBO#564158)
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-6230
steve@fairworklaw.com

John W. Davis (BBO #648399)
Davis & Davis, P.C.
350 Park Street
Park Place South, Ste. 105
North Reading, Massachusetts 01864
(978) 276-0777
jdavis@davisanddavispc.com

Dated: April 12, 2019